UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00197-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 27, 2019, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint. (ECF No. 14.)

Plaintiff's first amended complaint, filed on September 13, 2019, is currently before the Court for screening. (ECF No. 15.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

///

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California Medical Facility. Plaintiff alleges that the events at issue in this action took place at Kern Valley State Prison ("KVSP") and High Desert State Prison ("HDSP"). Plaintiff names the following defendants: (1) Correctional Counselor I Does 1 and (2) KVSP Warden Christian Pfeiffer.

Plaintiff alleges as follows:

> Does 1 had me transferred to a 180 designed prison when I was a 270 designed prison eligable (*sic*), thus I had suffered, at KVSP, numerous attacks, assaults, batteries, theft of property, victimized by both COs & inmates (sometimes conspiring together), raped, inter alia. All while at KVSP, that was for 4 years. Then finally got transferred outta there to HDSP upon arrival while in R&R inmates started asking to see paper work, in fear of my safety I told the R&R CO who told me that we (the other inmates & I) could "fight it out on the yard," so I declare myself suicidal. 2 days later a group of 5-6 COs,

while asleep in the crisis bed on "suicide watch," rushed the cell and began to batter me without any provocation whatsoever, then almost 8-12 months later while at HDSP, I had a seizure and 4-5 COs rushed the cell yelling "We are here to help!" all while punching me and kicking me in the face.

(ECF No. 15, at 5-6.) Plaintiff also alleges that: "Warden Pfeiffer knew each and every time I was Attacked, Assaulted & Battered and Raped all while I was at KVSP, as that is his job to know when such incident(s) occure (*sic*) at his prison, he's the CEO of KVSP, and he did NOT do anything to help me." (Id. at 6.)

As relief, Plaintiff states that he wants "the court to order CDCR to permanently house me single-cell in a Protective Housing Unit (PHU) for my safety and well being." (Id. at 7.)

### III. Discussion

#### A. Nature of Suit

Plaintiff initiated this action on February 12, 2019. (ECF No. 1.) Plaintiff's original complaint named California State Prison, Corcoran Warden Ken Clark, California Department of Corrections and Rehabilitation Secretary Scott Kernan, and the California Department of Corrections and Rehabilitation as defendants. (Id. at 1-2.) Plaintiff's original complaint asserted supervisory liability and failure to protect claims based on allegations that he has many safety and enemy concerns, that if he is housed on any prison yard with any inmate who recognizes him from a prior prison, he will be assaulted or even killed, and that, while he has notified Warden Clark, Secretary Kernan, and other parties about his safety concerns, the defendants have refused to house Plaintiff in a single cell in a Protective Housing Unit. (Id. at 5.)

In its August 27, 2019 screening order, the Court informed Plaintiff of the legal standards governing his intended claims for relief and explained why Plaintiff's allegations could not survive screening pursuant to those standards. (ECF No. 14.) Notably, the Court warned Plaintiff that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no 'buckshot' complaints)." (Id. at 7.)

Nevertheless, the first amended complaint now before the Court for screening is directed against two previously unnamed defendants – "Does 1" and KVSP Warden Christian Pfeiffer – and

includes new and different allegations that Plaintiff was assaulted and raped numerous times at KVSP and was assaulted at least twice at High Desert State Prison. (ECF No. 15, at 1, 5-6.) Plaintiff's first amended complaint does not attempt to cure the deficiencies in the original complaint as the amended complaint does not mention any of the defendants named in Plaintiff's original complaint or reference any of the factual allegations made in Plaintiff's original complaint. Therefore, it appears that Plaintiff is attempting to improperly join new defendants and new claims in this action.

Plaintiff has attached a "Notice to Court" to his first amended complaint. (Id. at 8.) In his notice, Plaintiff states that he "thought long & hard and attempted to apply what the court said in its 'screening order,' [Plaintiff's] TABE score is 1.9, and am having serious issues on trying to amend his complaint without changing the nature of it, so, the end result is the attached 1st Amended Complaint. I know what else I could/can do to force CDCR to keep me protected & alive[.]" (Id.) Plaintiff also states that he "knows not who did, or did not, do what to violate [his] civil rights, but he does know that they were violated[.]" (Id.) Additionally, the Court notes that Plaintiff's first amended complaint requests the same relief that Plaintiff's original complaint requested – an order requiring CDCR to permanently house Plaintiff in a single cell in a Protective Housing Unit.

The Court finds that Plaintiff is not attempting to actually change the nature of this action, even though his first amended complaint includes entirely new allegations and new defendants. Consequently, the Court will screen the allegations in Plaintiff's first amended complaint to determine if Plaintiff's allegations state cognizable claims.

**B.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are

4

not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Here, while Plaintiff's first amended complaint is short, it is not a plain statement of his claims. Plaintiff's allegations are conclusory statements that are unsupported by any facts. As currently pled, Plaintiff's complaint does not contain enough factual content to allow the Court to draw the reasonable inference that Defendants "Does 1" and Pfeiffer are liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### C. Supervisory Liability

To the extent that Plaintiff seeks to hold Defendant Pfeiffer liable based solely on his supervisory role as Warden, he may not do so.

Supervisory personnel may not be held liable under section 1983 for the actions or omissions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted). Additionally, a supervisor may be held liable if they "knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which

turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Here, Plaintiff appears to be alleging that Warden Pfeiffer should have known of the constitutional deprivation. Plaintiff alleges that Defendant Pfeiffer knew each and every time that Plaintiff was attacked, including that Plaintiff alleged he was raped, when he was housed at KVSP because "that is his job to know when such incident(s) occur[] at his prison[,]" but Defendant Pfeiffer did nothing to help Plaintiff. (ECF No. 15, at 6.) However, these allegations are conclusory and unsupported by any facts that Defendant Pfeiffer knew of any purported injuries and engaged in any conduct. Specifically, Plaintiff has not alleged any facts demonstrating that Defendant Pfeiffer failed to take any action to abate an excessive risk of harm to Plaintiff's health or safety even though Defendant knew that Plaintiff was in excessive risk of being assaulted or otherwise attacked and that Defendant's subordinates had not taken any action to abate the excessive risk of harm to Plaintiff. Therefore, Plaintiff has failed to state a cognizable supervisory liability claim against Defendant Pfeiffer.

### D. Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at

837. Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Here, Plaintiff alleges that "Does 1 had me transferred to a 180 designed prison when I was a 270 designed prison elig[i]ble, thus I had suffered, at KVSP, numerous attacks, assaults, batteries … victimized by both COs & inmates[.]" (ECF No. 15, at 5.) To the extent Plaintiff challenges his transfer to a particular prison or that he is entitled to single cell status, Plaintiff cannot state a cognizable civil rights claim. Plaintiff has no constitutional right to be housed at a prison of his choice or to a particular classification. Double-celling inmates is not a per se constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (finding inmates had no constitutional right to be housed in single cells).

Plaintiff's allegations are too conclusory and vague to state a cognizable claim. While the Eighth Amendment can provide a basis for relief where prison officials are aware of the probability of an attack, prison officials, however, must have more than a mere suspicion that an attack will occur. Plaintiff's pleadings provide only generalized contentions that the cell conditions at issue could result in injury. Plaintiff has not pled facts demonstrating that Defendant Does 1 had Plaintiff transferred to KVSP even though Defendant knew that there was a substantial or excessive risk that Plaintiff would be attacked and victimized if Plaintiff was transferred to KVSP. Therefore, Plaintiff has failed to allege facts demonstrating that Defendant Does 1 knew of and disregarded an excessive risk of serious harm to Plaintiff's health or safety. Consequently, Plaintiff has not stated a cognizable claim for failure to protect in violation of the Eighth Amendment against Defendant Does 1.

**E. Excessive Force**

To the extent Plaintiff contends that unknown officers used excessive force while he was on suicide watch and 8-12 months later, while he was in his cell, Plaintiff's allegations fail to give rise to a cognizable claim for relief.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

In the Court's prior screening order, Plaintiff was informed that in any amended complaint, he must link the defendants to the alleged conduct. Yet, plaintiff has failed to do so. The Court is unable to draw the connection between any defendant's actions or omissions and the alleged denial of Plaintiff's constitutional rights. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

**IV.     Conclusion, Order, and Recommendation**

Based on the foregoing, Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

| | |
|---|---|
| 1 | **days** after being served with these Findings and Recommendation, Plaintiff may file written objections |
| 2 | with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and |
| 3 | Recommendation."  Plaintiff is advised that failure to file objections within the specified time may |
| 4 | result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson</u> |
| 5 | <u>v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. |
| 6 | 1991)). |

IT IS SO ORDERED.

Dated: **October 4, 2019**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE